# Your Missouri Courts

Search for Cases by: Select Search Method...

Judicial Links | eFiling | Help | Contact Us | Print     GrantedPublicAccess **Logoff CLKINSELLA**

**20NM-CV00471 - CHARLES CAWHORN VS. MAGNITUDE 7 METALS, INC. AND D (E-CASE)**

| Case Header | Parties & Attorneys | Docket Entries | Charges, Judgments & Sentences | Service Information | Filings Due | Scheduled Hearings & Trials | Civil Judgments | Garnishments/ Execution |

This information is provided as a service and is not considered an official court record.

**Click here to eFile on Case**
Click here to Respond to Selected Documents

Sort Date Entries: ● Descending   ○ Ascending     Display Options: All Entries

---

**09/23/2020**  ☐ **Summons Personally Served**
Document ID - 20-SMOS-39; Served To - RUSCHE, DONNA; Server - SO BLOUNT CO TN; Served Date - 15-SEP-20; Served Time - 00:00:00; Service Type - Sheriff Department; Reason Description - Served

**09/22/2020**  ☐ **Notice of Service**
Return of Service of Summons; Electronic Filing Certificate of Service.
  **Filed By:** DIEDRE ABIGAIL PETERS
  **On Behalf Of:** CHARLES MICHAEL CAWHORN

**08/21/2020**  ☐ **Summons Issued-Circuit**
Document ID: 20-SMOS-39, for RUSCHE, DONNA.
☐ **Summons Issued-Circuit**
Document ID: 20-SMCC-192, for MAGNITUDE 7 METALS.
☐ **Filing Info Sheet eFiling**
  **Filed By:** DIEDRE ABIGAIL PETERS
☐ **Note to Clerk eFiling**
  **Filed By:** DIEDRE ABIGAIL PETERS
☐ **Pet Filed in Circuit Ct**
Petition.
  **On Behalf Of:** CHARLES MICHAEL CAWHORN
☐ **Judge Assigned**

---

Case.net Version 5.14.0.18     Return to Top of Page     Released 09/01/2020

**EXHIBIT A**

IN THE CIRCUIT COURT OF NEW MADRID COUNTY
STATE OF MISSOURI

| | |
|---|---|
| **CHARLES CAWHORN,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. _____ |
| | ) |
| **MAGNITUDE 7 METALS, Inc.,** | ) |
| a Delaware Corporation, | ) |
|   Serve Registered Agent: | ) |
|   CT Corporation System | ) |
|   120 South Central Ave, | ) |
|   Clayton, Missouri, 63105 | ) |
| | ) |
| and | ) |
| | ) |
| **DONNA RUSCHE,** | ) |
|   Serve at: | ) |
|   3746 Jackson Bend Drive | ) |
|   Louisville, TN, 37777 | ) |
| | ) |
| Defendants. | ) **JURY TRIAL DEMANDED** |

## PETITION

COMES NOW Plaintiff Charles Cawhorn by and through his attorneys, Blanton, Nickell, Collins, Douglas, and Hanschen, LLC, and for his cause of action against Defendants state as follows:

**Parties and Venue**

1.  Plaintiff Charles Cawhorn ("Mr. Cawhorn" or "Plaintiff") resides in Lilbourn, New Madrid County, Missouri.

2.  At all relevant times, Plaintiff was employed as a control room operator at Magnitude 7 Metals, LLC's ("Magnitude 7's") Marston, Missouri aluminum smelting plant.

3.  Magnitude 7's Marston plant is located in New Madrid County, Missouri, with a street address of 391 St Jude Industrial Park, Marston, MO 63866 ("Marston Plant").

1

4. Defendant Magnitude 7 is a foreign corporation doing business in New Madrid County, Missouri at its Marston Plant.

5. Donna Rusche ("Rusche") is an individual who, upon information and belief, resides in Louisville, Blount County, Tennessee. At all relevant times, Rusche was a Human Resources Manager for Magnitude 7.

6. Venue is proper in this Court under § 213.111 R.S.Mo. because the unlawful discriminatory employment practices were committed in New Madrid County, Missouri.

## Allegations Common to All Counts

7. Plaintiff incorporates by reference the allegations in Paragraphs 1 through 6 above.

8. At all relevant times, Defendant Magnitude 7 employed fifty or more employees such that it was an employer within the meaning of the FMLA, 29 U.S.C. §§ 2601-2654, ADA, 42 U.S.C. §§ 12101-12213, and MHRA, §§ 213.10-213.137 R.S.Mo.

9. Plaintiff filed a charge of discrimination with the Missouri Commission on Human Rights and the EEOC within 180 days of the acts complained of and filed this Petition within 90 days of the date of the Right to Sue letters, which were issued on July 7, 2020 and July 14, 2020. This action is timely and Plaintiff has exhausted all of his administrative prerequisites to filing this acting

10. Plaintiff worked at Noranda's aluminum smelting plant for over twenty years before the plant closed down in the spring of 2016.

11. In 2018, Magnitude 7 reopened the plant and hired Plaintiff.

12. Plaintiff has diabetes and high blood pressure and is under a doctor's care for those conditions. At all relevant times, Magnitude 7 was aware of these conditions.

13. On or about August 19, 2019, Plaintiff became severely ill while he was at work. He could not stop vomiting. A foreman took him to the company nurse, Karen Brands. Nurse Brands knew Plaintiff was diabetic but did not check his blood sugar.

14. Magnitude 7 refused to excuse Plaintiff from work. Plaintiff was severely ill and had no choice but to leave.

15. Plaintiff went to the emergency room at St. Francis Medical Center where he was admitted to the ICU with diabetic ketoacidosis, acute kidney injury, and hyperkalemia. His condition was life-threatening. Plaintiff was hospitalized from August 19-21, 2019.

16. While in the hospital, Plaintiff requested to use his three available personal days. Magnitude 7 denied the request.

17. On August 20, Plaintiff's wife Shelly Cawhorn ("Mrs. Cawhorn") called Rusche and informed her Plaintiff was hospitalized and was requesting FMLA leave. Mrs. Cawhorn asked Rusche to send FMLA certification paperwork to the hospital. Rusche refused and demanded to speak with Plaintiff directly. Mrs. Cawhorn put Rusche on speaker phone in Plaintiff's ICU room. Rusche told Plaintiff his request for FMLA leave was denied and he was fired because he had already missed too many days

18. That same day, August 20, 2019, Magnitude 7 sent Plaintiff a letter stating that he was terminated for unexcused absences from months earlier, March 4, April 1, April 4, April 10, May 20, and May 22, 2019. The letter stated that each one of the "offenses" had been reviewed with Plaintiff on each separate occasion.

19. On March 4, 2019, Plaintiff's entire department was sent home because there were no raw materials. This "offense" was never reviewed with Plaintiff.

20. On April 1, 2019, Magnitude 7 excused Plaintiff from work after a company nurse sent him home. This "offense" was never reviewed with Plaintiff.

3

21. On April 4, 2019, Plaintiff left work early due to illness. Magnitude 7 did not count this as an absence until August 19, 2019, the day that Plaintiff went to the hospital. The "offense" was never reviewed with Plaintiff.

22. On May 20, 2019, Plaintiff worked a full shift, as shown by Magnitude 7's own records. This "offense" was never reviewed with Plaintiff.

23. Magnitude 7 met with Plaintiff only one time to discuss any of the alleged absences. This was on May 23, 2019. At that time, Magnitude 7 did not tell Plaintiff he already missed too many days. Nor did it terminate Plaintiff's employment.

24. The termination letter was falsified for the purpose of covering up Magnitude 7 and Rusche's unlawful acts.

**Count I – Interference with Rights Under the FMLA, 29 U.S.C. §§ 2601-2654
(Against Defendants Magnitude 7 Metals, LLC and Donna Rusche)**

25. Plaintiff incorporates by reference the allegations in Paragraphs 1 through 24 above.

26. At all relevant times, Defendant Rusche was a person acting, directly or indirectly, in the interest Magnitude 7, such that she was an employer under the FMLA, 29 U.S.C. §§ 2601-2654.

27. Defendant Rusche was the final decision-maker with respect to the decisions to deny Plaintiff FMLA leave and terminate his employment.

28. On August 19-21, 2019, Plaintiff had one or more serious health conditions, including diabetes and diabetic ketoacidosis, which required continuing treatment by a healthcare provider and inpatient hospital care.

29. Plaintiff gave Magnitude 7 appropriate notice of the need for leave given the circumstances. Plaintiff's symptoms developed at work; therefore, Magnitude 7 was immediately

aware of Plaintiff's need for leave. Further, as soon as practicable, Plaintiff attempted to update Magnitude 7 on his condition and specifically requested FMLA leave.

30. Plaintiff was an eligible employee under the FMLA, 29 U.S.C. §§ 2601-2654, because he had been employed by Magnitude 7 for more than 12 months and had at least 1,250 hours of service during the previous 12-month period.

31. Magnitude 7 and Defendant Rusche interfered with Plaintiff's rights under the FMLA by terminating his employment.

32. As a direct and proximate result of Defendants' conduct, Plaintiff has, and will continue to, sustain damages in the form of lost income and benefits.

33. Defendants acted in bad faith and lacked reasonable grounds for believing their acts were lawful; therefore, Plaintiff is entitled to an additional amount in liquidated damages equal to his lost income and benefits.

34. Under 29 U.S.C § 2615, Plaintiff is entitled to recover reasonable attorneys' fees and costs.

**WHEREFORE,** Plaintiff Charles Cawhorn prays for judgment against Defendants Magnitude 7 Metals, LLC and Donna Rusche for compensatory damages in excess of $25,000; prejudgment interest; liquidated damages as permitted by statute; an award of attorneys' fees and costs, and for such other and further relief as the court deems just and equitable under the circumstances.

### Count II- Disability Discrimination under the ADA, 42 U.S.C. §§ 12101-12213
### (Defendant Magnitude 7 Metals, LLC)

35. Plaintiff incorporates by reference the allegations in Paragraphs 1 through 34 above.

36. Plaintiff's diabetes and high blood pressure were disabilities within the meaning of the ADA, 42 U.S.C. §§ 12101-12213.

5

37. Plaintiff is qualified to perform the essential functions of his position at Magnitude 7, with or without reasonable accommodation.

38. Magnitude 7 was aware of Plaintiff's disabilities and regarded Plaintiff as having a disability.

39. Magnitude 7 terminated Plaintiff because of his actual or perceived disabilities.

40. As a direct and proximate result of Defendant's conduct, Plaintiff has, and will continue to, sustain damages in the form of lost income and benefits and emotional pain and distress.

41. Magnitude 7 acted with malice or reckless indifference to Plaintiff's federally protected rights, subjecting it to punitive damages.

42. Under 42 U.S.C. § 1988 Plaintiff is entitled to recover reasonable attorneys' fees and costs.

**WHEREFORE,** Plaintiff Charles Cawhorn prays for judgment against Defendant Magnitude 7 Metals, LLC for reinstatement; compensatory damages in excess of $25,000; prejudgment interest; punitive damages in an amount that is fair and reasonable; an award of attorneys' fees and costs, and for such other and further relief as the court deems just and equitable under the circumstances.

### Count III- Failure to Accommodate under the ADA, 42 U.S.C. §§ 12101-12213
### (Defendant Magnitude 7 Metals, LLC)

43. Plaintiff incorporates by reference the allegations in Paragraphs 1 through 42 above.

44. Plaintiff's diabetes and high blood pressure were disabilities within the meaning of the ADA, 42 U.S.C. §§ 12101-12213.

45. At all relevant times, Magnitude 7 was aware of Plaintiff's disabilities.

46.     Plaintiff requested accommodations for his disabilities, specifically, that he be permitted to use personal days or take medical leave while in the hospital.

47.     Magnitude 7 failed to engage in the interactive process with Plaintiff about possible accommodations.

48.     Plaintiff's disability could have been reasonably accommodated, among other ways, by permitting him to use personal days or take medical leave during his hospitalization.

49.     As a direct and proximate result of Defendant's conduct, Plaintiff has, and will continue to, sustain damages in the form of lost income and benefits and emotional pain and distress.

50.     Magnitude 7 acted with malice or reckless indifference to Plaintiff's federally protected rights, subjecting it to punitive damages.

51.     Under 42 U.S.C. § 1988 Plaintiff is entitled to recover reasonable attorneys' fees and costs.

**WHEREFORE,** Plaintiff Charles Cawhorn prays for judgment against Defendant Magnitude 7 Metals, LLC for reinstatement; compensatory damages in excess of $25,000; prejudgment interest; punitive damages in an amount that is fair and reasonable; an award of attorneys' fees and costs, and for such other and further relief as the court deems just and equitable under the circumstances.

**Count IV- Retaliation for Requesting Accommodations  
under the ADA, 42 U.S.C. §§ 12101-12213  
(Defendant Magnitude 7 Metals, LLC)**

52.     Plaintiff incorporates by reference the allegations in Paragraphs 1 through 51 above.

53.     Plaintiff engaged in protected activities by making good faith requests for accommodations when he asked to use personal days or take medical leave.

7

54. Magnitude 7 terminated Plaintiff because of his requests for accommodations.

55. As a direct and proximate result of Defendant's conduct, Plaintiff has, and will continue to, sustain damages in the form of lost income and benefits and emotional pain and distress.

56. Magnitude 7 acted with malice or reckless indifference to Plaintiff's federally protected rights, subjecting it to punitive damages.

57. Under 42 U.S.C. § 1988, Plaintiff is entitled to recover reasonable attorneys' fees and costs.

**WHEREFORE,** Plaintiff Charles Cawhorn prays for judgment against Defendant Magnitude 7 Metals, LLC for reinstatement; compensatory damages in excess of $25,000; prejudgment interest; punitive damages in an amount that is fair and reasonable; an award of attorneys' fees and costs, and for such other and further relief as the court deems just and equitable under the circumstances.

### Count V – Disability Discrimination under the MHRA, §§ 213.10-213.137 R.S.Mo.
### (Defendant Magnitude 7 Metals, LLC)

58. Plaintiff incorporates by reference the allegations in Paragraphs 1 through 57 above.

59. Plaintiff's diabetes and high blood pressure were disabilities within the meaning of the MHRA §§ 213.10-213.137 R.S.Mo..

60. At all relevant times, Magnitude 7 was aware of Plaintiff's disabilities and regarded him as disabled.

61. Magnitude 7 terminated Plaintiff because of his disabilities or because it regarded him as disabled.

62. As a direct and proximate result of Defendant's conduct, Plaintiff has, and will continue to, sustain damages in the form of lost income and benefits and garden variety emotional pain and distress.

63. Plaintiff is entitled to reasonable attorneys' fees and costs under § 213.111 R.S.Mo.

64. Defendant acted with an evil motive or reckless indifference to Plaintiff's rights, subjecting it to punitive damages.

**WHEREFORE,** Plaintiff Charles Cawhorn prays for judgment against Defendant Magnitude 7 Metals, LLC for reinstatement; compensatory damages in excess of $25,000; prejudgment interest; punitive damages in an amount that is fair and reasonable; an award of attorneys' fees and costs, and for such other and further relief as the court deems just and equitable under the circumstances.

Respectfully submitted,

**BLANTON, NICKELL, COLLINS DOUGLAS & HANSCHEN, LLC**
219 South Kingshighway
Post Office Box 805
Sikeston, MO 63801
P: 573-471-1000      F: 573-471-1012
shanschen@blantonlaw.com
dpeters@blantonlaw.com

By:   /s/ Diedre A. Peters
Shaun D. Hanschen   #56821
Diedre A. Peters    #68319

*Attorneys for Plaintiff Charles Cawhorn*

9



# IN THE 34TH JUDICIAL CIRCUIT, NEW MADRID COUNTY, MISSOURI

| Judge or Division:<br>WILLIAM EDWARD REEVES | Case Number: 20NM-CV00471 |
|---|---|
| Plaintiff/Petitioner:<br>CHARLES MICHAEL CAWHORN<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>DIEDRE ABIGAIL PETERS<br>PO BOX 805<br>SIKESTON, MO  63801 |
| Defendant/Respondent:<br>MAGNITUDE 7 METALS | Court Address:<br>New Madrid Court House<br>450 Main Street<br>NEW MADRID, MO  63869 |
| Nature of Suit:<br>CC Employmnt Discrmntn 213.111 | |

(Date File Stamp)

## Summons in Civil Case

**The State of Missouri to:** MAGNITUDE 7 METALS
**Alias:**
120 SOUTH CENTRAL AVE
CLAYTON, MO  63105

*COURT SEAL OF NEW MADRID COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

_____8/21/2020_____     _____Marsha M. Holiman_____
Date                                  Clerk by:/s/Jo Crockett

Further Information:

### Sheriff's or Server's Return

**Note to serving officer**: Summons should be returned to the court within 30 days after the date of issue.
I certify that I have served the above summons by: (check one)
☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the complaint to: _____ (name) _____ (title).
☐ other: _____.

Served at _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____     _____
Printed Name of Sheriff or Server          Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**
Subscribed and sworn to before me on _____ (date).
(Seal)
My commission expires: _____         _____
                                    Date                               Notary Public

**Sheriff's Fees, if applicable**
Summons                                     $_____
Non Est                                        $_____
Sheriff's Deputy Salary
Supplemental Surcharge     $____10.00____
Mileage                                        $_____  (_____ miles @ $._____ per mile)
**Total**                                         $_____

A copy of the summons and a copy of the petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (06-18) SM30 (SMCC) *For Court Use Only:* **Document Id # 20-SMCC-192**     1  of  1     Civil Procedure Form No. 1; Rules 54.01 – 54.05,
54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo



# IN THE 34TH JUDICIAL CIRCUIT, NEW MADRID COUNTY, MISSOURI

| Judge or Division:<br>WILLIAM EDWARD REEVES | Case Number: 20NM-CV00471 |
|---|---|
| Plaintiff/Petitioner:<br>CHARLES MICHAEL CAWHORN<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address:<br>DIEDRE ABIGAIL PETERS<br>PO BOX 805<br>SIKESTON, MO  63801 |
| Defendant/Respondent:<br>MAGNITUDE 7 METALS | Court Address:<br>New Madrid Court House<br>450 Main Street<br>NEW MADRID, MO  63869 |
| Nature of Suit:<br>CC Employmnt Discrmntn 213.111 | |

(Date File Stamp)

## Summons for Personal Service Outside the State of Missouri
**(Except Attachment Action)**

**The State of Missouri to:**  DONNA RUSCHE
                               Alias:

**3746 JACKSON BEND DRIVE**
**LOUISVILLE, TN  37777**

*COURT SEAL OF*

*NEW MADRID COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the plaintiff/petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

____8/21/2020_____      _Marsha M. Holiman_____
            Date                                                     Clerk  by:/s/Jo Crockett

Further Information:

### Officer's or Server's Affidavit of Service

I certify that:
1. I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2. My official title is _____ of _____ County, _____ (state).
3. I have served the above summons by: (check one)
   ☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.
   ☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.
   ☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____ (title).
   ☐ other: _____.

Served at _____ (address)
in _____ County, _____ (state), on _____ (date) at _____ (time).

_____      _____
    Printed Name of Sheriff or Server                              Signature of Sheriff or Server

**Subscribed and sworn to** before me this _____ (day) _____ (month) _____ (year).
I am: (check one)   ☐ the clerk of the court of which affiant is an officer.
                    ☐ the judge of the court of which affiant is an officer.
                    ☐ authorized to administer oaths in the state in which the affiant served the above summons. (use for out-of-state officer)
                    ☐ authorized to administer oaths.  (use for court-appointed server)

*(Seal)*
                                                    _____
                                                                    Signature and Title

**Service Fees**
Summons    $_____
Non Est    $_____
Mileage    $_____  (_____ miles @ $ _____ per mile)
Total      $_____
**See the following page for directions to officer making return on service of summons.**

**Directions to Officer Making Return on Service of Summons**

A copy of the summons and a copy of the motion must be served on each defendant/respondent. If any defendant/respondent refuses to receive the copy of the summons and motion when offered, the return shall be prepared accordingly so as to show the offer of the officer to deliver the summons and motion and the defendant's/respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and motion to the individual personally or by leaving a copy of the summons and motion at the individual's dwelling house or usual place of abode with some person of the family over 15 years of age who permanently resides with the defendant/respondent, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and motion to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and motion to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the defendant/respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body. Upon a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory of the United States. If served in a territory, substitute the word "territory" for the word "state."

The office making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths. This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must be made less than 10 days nor more than 30 days from the date the defendant/respondent is to appear in court. The return should be made promptly, and in any event so that it will reach the Missouri court within 30 days after service.

# IN THE 34TH JUDICIAL CIRCUIT, NEW MADRID COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division: WILLIAM EDWARD REEVES | Case Number: 20NM-CV00471 |
| Plaintiff/Petitioner: CHARLES MICHAEL CAWHORN  vs. | Plaintiff's/Petitioner's Attorney/Address: DIEDRE ABIGAIL PETERS PO BOX 805 SIKESTON, MO 63801 |
| Defendant/Respondent: MAGNITUDE 7 METALS | Court Address: New Madrid Court House 450 Main Street NEW MADRID, MO 63869 |
| Nature of Suit: CC Employmnt Discrmntn 213.111 | (Date File Stamp) |

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

**The State of Missouri to:** DONNA RUSCHE
Alias:

3746 JACKSON BEND DRIVE
LOUISVILLE, TN 37777

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the plaintiff/petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

8/21/2020  —  Marsha M. Holiman
Date — Clerk by: /s/Jo Crockett

COURT SEAL OF NEW MADRID COUNTY

Further Information:

### Officer's or Server's Affidavit of Service

I certify that:
1. I am authorized to serve process in civil actions within the state or territory where the above summons was served. X D. Rusche
2. My official title is __Deputy Sheriff__ of __Blount__ County, __TN__ (state).
3. I have served the above summons by: (check one)
   [X] delivering a copy of the summons and a copy of the petition to the defendant/respondent.
   [ ] leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.
   [ ] (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____ (title).
   [ ] other: _____

Served at __3746 Jackson Bend Dr__ (address)
in __Blount__ County, __TN__ (state), on __9-15-20__ (date) at __1131__ (time).

__Lonnie Grimes__
Printed Name of Sheriff or Server — Signature of Sheriff or Server

Subscribed and sworn to before me this _____ (day) _____ (month) _____ (year).

I am: (check one)
[ ] the clerk of the court of which affiant is an officer.
[ ] the judge of the court of which affiant is an officer.
[ ] authorized to administer oaths in the state in which the affiant served the above summons. (use for out-of-state officer)
[ ] authorized to administer oaths. (use for court-appointed server)

(Seal)

_____
Signature and Title

**Service Fees**
Summons $ _____
Non Est $ _____
Mileage $ _____ ( _____ miles @ $ _____ per mile)
Total $ _____

See the following page for directions to officer making return on service of summons.

Electronically Filed - New Madrid - September 22, 2020 - 02:29 PM

### Directions to Officer Making Return on Service of Summons

A copy of the summons and a copy of the motion must be served on each defendant/respondent. If any defendant/respondent refuses to receive the copy of the summons and motion when offered, the return shall be prepared accordingly so as to show the offer of the officer to deliver the summons and motion and the defendant's/respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and motion to the individual personally or by leaving a copy of the summons and motion at the individual's dwelling house or usual place of abode with some person of the family over 15 years of age who permanently resides with the defendant/respondent, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and motion to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and motion to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the defendant/respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body. Upon a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory of the United States. If served in a territory, substitute the word "territory" for the word "state."

The office making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths. This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must be made less than 10 days nor more than 30 days from the date the defendant/respondent is to appear in court. The return should be made promptly, and in any event so that it will reach the Missouri court within 30 days after service.

| | | |
|---|---|---|
| Tran Date: 8/31/2020 | **OFFICIAL RECEIPT**<br>James L. Berrong<br>SHERIFF, BLOUNT COUNTY, MARYVILLE, TN | Rcpt No: B 036155 |
| Category: CIVIL PROCESS | | |

Docket No: 20NMCV0047     Court: GS         City/Co: BLOUNT COUNTY

Recvd For: CHARLES MICHEAL CAWHORN
Recvd Of: BLANTON NICKELL COLLINS                    Amt:       42.00

Paid By: CK      Ck No: 84833                Clerk: 9805

Actual Dt: 8/31/2020

Comment   SUMMONS FOR DONNA RUSCHE   FROM NEW MADRID COUNTY MISSOURI
          573 471 1000

THIS RECEIPT NOT VALID UNTIL CHECK CLEARS THE BANK        Payee Copy